ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **3-13CR 471-K** |
| v. | § § | |
| JENNIFER TYSON | § § | Criminal No. |

## PLEA AGREEMENT

Jennifer Tyson, the defendant, Eric M. Albritton, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the Defendant:** Tyson understands that she has the following rights:

   a. To grand jury indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to have her guilt proven beyond a reasonable doubt;

   e. to confront and cross-examine witnesses and to call witnesses in her defense; and

   f. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty:** Tyson waives these rights and pleads guilty to the offense alleged in Count One of the information charging a violation of 18 U.S.C. § 371, Conspiracy to Commit Theft Concerning Programs Receiving Federal Funds. Tyson understands the nature and elements of the crime to which she is pleading

Plea Agreement - Page 1

guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. <u>Sentence:</u> The maximum penalties the Court can impose for Count One include:

  a. imprisonment for a period of not more than 5 years;

  b. a fine not to exceed $250,000.00, or twice any pecuniary gain to Tyson or loss to the victim(s);

  c. a term of supervised release of not more than three years, which may follow any term of imprisonment. If Tyson violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

  d. a mandatory special assessment of $100;

  e. restitution to victims or to the community, which Tyson agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

  f. costs of incarceration and supervision.

4. <u>Court's Sentencing Discretion and Role of the Guidelines:</u> Tyson understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Tyson has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Tyson understands that she will not be allowed to withdraw her plea if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Tyson will not be allowed to withdraw her plea if her sentence is higher than expected. Tyson fully understands that

the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court.

5. <u>Sentencing Agreement</u>: The parties agree, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, that: (1) that the applicable loss (actual, intended, or pecuniary harm), as defined in United Sentencing Guideline (USSG) §2B1.1, in this matter is less than $200,000, (2) that Tyson abused a position of trust as that term is defined in USSG §3B1.3, (3) that USSG §3B.1.1 is not applicable in this case as to Tyson, and (4) that USSG §3C1.1 is not applicable to in this case as to Tyson. Tyson understands, however, that this sentencing agreement is not binding on the Court.

6. <u>Rejection of Sentencing Agreement</u>: Tyson understands that if the Court rejects the sentencing agreement set forth in paragraph five, she will have no right to move to withdraw her guilty plea.

7. <u>Mandatory special assessment</u>: Tyson agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

8. <u>Defendant's Agreement</u>: Tyson shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Tyson shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Tyson expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Tyson fully understands that any

Plea Agreement - Page 3

financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Tyson agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Tyson's full and immediately enforceable financial obligation. Tyson understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

9. <u>Government's Agreement</u>: The Government will not bring any additional charges against Tyson based upon the conduct underlying and related to Tyson's plea of guilty. The Government will dismiss, after sentencing, any remaining charges in the pending Information. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Tyson or any property.

10. <u>Violation of Agreement</u>: Tyson understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Tyson and others for all offenses of which it has knowledge. In such event, Tyson waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Tyson also waives objection to the use against her

of any information or statements she has provided to the government, and any resulting leads.

11.   Voluntary Plea: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.   Waiver of Right to Appeal or Otherwise Challenge or Seek Reduction in Sentence: Tyson waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Tyson reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.   Representation of Counsel: Tyson has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Tyson has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Tyson has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. <u>Entirety of Agreement</u>: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 27th day of November, 2013.

_____
GARY TROMBLAY
Deputy Criminal Chief

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8680
Fax: 214.659.8812
Email: philip.meitl@usdoj.gov

_____
JENNIFER TYSON
Defendant

_____
ERIC M. ALBRITTON
Attorney for Defendant

## CERTIFICATION

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____       11/27/13
JENNIFER TYSON                                          Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____       11/26/13
ERIC M. ALBRITTON                                    Date
Attorney for Defendant

Plea Agreement - Page 7